UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| OPIE W. GLASS, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | Case No. 3:13-CV-647 JD |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

OPINION AND ORDER

Opie W. Glass, a *pro se* prisoner, filed an amended habeas petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE 3.) Pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, the court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"

According to the petition, in MCF #13-02-0264, a hearing officer found Glass guilty of engaging in an unauthorized financial transaction. (DE 3 at 1.) The charge was initiated on February 20, 2013, when Internal Affairs Officer S. Starkey wrote a conduct report stating as follows:

> I, Program Coordinator 5, S. Starkey monitored a phone call in the Offender Telephone System that was identified by PIN number as Opie Glass 137448.
>
> The call was made 2/16/13 at 19:16 to 317-509-5140 to a person listed by him as Marlene Palmer, Grandmother.
>
> Information obtained during the call indicated the caller was receiving a Green Dot number.[1]
>
> The number was submitted to Indianapolis.

---

[1] "Green Dot" is an anonymous debit card service that allows a person to purchase a reloadable or prepaid debit card and its accompanying number. Inmates can use this system to move money without detection. *See Hernandez v. Brown,* No. 2:13-CV-134, 2013 WL 5658056 (S.D. Ind. order dated Oct. 15, 2013).

(DE 3-1 at 2.) In a hearing held on March 1, 2013, Glass was found guilty, resulting in the loss of earned-time credits and a credit-class demotion. (DE 3 at 1.) His administrative appeals were denied (*Id.*), and he then filed this petition.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Here, Glass raises two claims based on violations of Indiana Department of Correction ("IDOC") policies. (DE 3 at 2.) Specifically, he complains that he was punished separately for different financial transactions stemming from different phone calls to his grandmother. He believes this to be a violation of an IDOC policy precluding "stacking" of disciplinary charges, and a violation of IDOC rules governing progressive discipline. (*Id.*) However, even if Glass is correct that IDOC policies were not followed in his case, it would not entitle him to federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas relief cannot be granted for violations of state law); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (claim premised on violation of IDOC policy was not cognizable in federal habeas proceeding). Therefore, these claims do not present a cognizable basis for granting federal habeas relief. Giving the petition liberal construction, he may also be trying to raise a double jeopardy challenge, but such an argument is

of no assistance to him, because double jeopardy principles do not apply in the prison disciplinary context. *See Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996).

For these reasons, the amended petition (DE 3) is DISMISSED pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

SO ORDERED.

ENTERED:  December 16, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court